UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| E'LISE HENSLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| IDK, INC., d/b/a/ CLUB BABES and | ) |
| ERIC PECHTER, an individual, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

COMES NOW the Plaintiff E'lise Hensley ("Hensley" or "Plaintiff"), by and through undersigned counsel, and hereby files this Complaint showing the Court as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this lawsuit against IDK, Inc. d/b/a Club Babes ("IDK" or "Defendant") and Eric Pechter ("Pechter" or "Defendant") (collectively "Defendants") to recover to recover unpaid wages, unpaid overtime wages, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and other relief on the grounds set forth below.

2. Plaintiff alleges that Defendants were her employers, that during her employment they paid her no wages, and that her sole form of remuneration was tips from customers. Accordingly, Plaintiff also alleges that Defendants willfully violated the FLSA by failing to pay her minimum wages and overtime wages owed for all hours worked up to 40 in a workweek and for all overtime hours worked at a rate of time and one-half the required regular rate for all hours worked above 40 in a workweek, and by failing to pay Plaintiff all wages and overtime compensation owed on a timely basis.

## **PARTIES**

3. Plaintiff is an adult individual and a resident of Georgia who resides in this judicial district and who worked for Defendants under the job title of "Dancer" or "Entertainer" beginning in or about December, 2014 and continuing through approximately May, 2016 (the relevant period).

4. As reflected in the corporate filings contained on the Georgia Secretary of State's website, Defendant IDK is a Georgia for-profit corporation and may be served with process through its registered agent, Gordon M. Berger, at 271 17th Street NW., Suite 1900, Atlanta, Georgia 30363.

5. Defendant Pechter is an individual and a Georgia resident and can be served at his residence in Smyrna, Georgia.

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA.

7. Plaintiff was employed by Defendants in this judicial district, Defendants do business in this judicial district, and venue is therefore proper in this Court.

8. Defendant Pechter as CEO, CFO, and Secretary of Defendant IDK, was in fact a corporate officer for Defendant IDK and is subject to the personal jurisdiction of this Court.

9. At all times during the relevant period, Plaintiff was an "employee" of Defendants as defined by the FLSA.

10. At all times during the relevant period, Plaintiff was entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a).

11. Defendant IDK was at all times during the relevant period and thereafter an employer or enterprise engaged in commerce and therefore subject to the FLSA under 29 U.S.C. § 203(b) & (d).

12. In 2013, Defendant IDK was an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA, having employees engaged in commerce or in the production of goods for commerce,

and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has (and had during the relevant period) annual gross revenues in excess of $500,000.

13. In 2014, Defendant IDK was an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA, having employees engaged in commerce or in the production of goods for commerce, and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has (and had during the relevant period) annual gross revenues in excess of $500,000.

14. In 2015, Defendant IDK was an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA, having employees engaged in commerce or in the production of goods for commerce, and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has (and had during the relevant period) annual gross revenues in excess of $500,000.

15. In 2016, Defendant IDK was an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA, having

employees engaged in commerce or in the production of goods for commerce, and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has (and had during the relevant period) annual gross revenues in excess of $500,000.

16. At all times during the relevant period, two or more employees of IDK used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: liquor, beer, wine, non-alcoholic beverages, equipment, office supplies, and electronics.

17. At all times during the relevant period in the Complaint and thereafter, Defendant Pechter was responsible for classification of Plaintiff as an independent contractor, rather than as a W-2 employee, and for non-payment of Plaintiff's wages for hours worked, and was a corporate officer with operational control of IDK's covered enterprise, and may therefore be held liable in an individual capacity as an "employer" for the failure to pay minimum wages and overtime compensation to Plaintiff in violation of § 207 of the FLSA.

18. Jurisdiction and venue are proper in this action.

## FACTS RELATED TO ALL COUNTS

19. Defendants own and operate a successful and long-lived strip club. The Defendants' business provides nude dancers and other entertainment to customers of the club.

20. At all times during the relevant period, Defendants internally classified Plaintiff as an "independent contractor," rather than as an employee paid W-2 wages.

21. At all relevant times, Defendants did not require Plaintiff to have any specialized skills, education, training, or knowledge.

22. Plaintiff was required to interview for her position with Defendants, which included submitting to and passing a "body check" before she was permitted to work for Defendants.

23. Despite the fact that Defendants classified Plaintiff as an independent contractor, Defendants exercised at least the following controls over Plaintiff as a Dancer:

   a. Defendants had the power and authority to approve or reject the name(s) that Plaintiff could work under while employed at IDK;

   b. Defendants had the power and authority to approve or reject costumes and makeup worn by Plaintiff at IDK;

c. Defendants held mandatory staff meetings for the Dancers, and did not pay the Dancers any wages for attendance at these mandatory meetings.

d. Defendants had sole control over whether Plaintiff could entertain clients in the club's V.I.P. rooms, the base rates (i.e., $20.00) that Plaintiff had to charge V.I.P. clients, and the distribution of monies from V.I.P room sales;

e. Defendants required Plaintiff to comply with all of Defendants' rules and/or policies.

24. In addition to the above listed controls, Defendants required the following "kickback fees" and fines to be paid by Plaintiff:

a. Plaintiff was required to pay a per-shift "house fee" to Defendants, which varied from $16.00 to $56.00 per shift, depending on the time Plaintiff arrived to work;

b. Plaintiff was required to pay the DJ a minimum of $10.00 per shift worked;

c. Defendants required Plaintiff to pay an early-leave fine of $25.00 for leaving her shift early;

d. Defendants required Plaintiff to pay a fine of $10.00 to $25.00 for missing a scheduled rotation on the stage;

e. Defendants required Plaintiff to pay a fine of $25.00 or greater for violating various club rules and policies;

  f. Defendants required Plaintiff to pay the DJ additional fees in varying amounts to the DJ if she was observed by the DJ making what he believed to be a large amount of tips on stage.

25. As a result of these kickbacks, Plaintiff did not receive wages free and clear.

26. In addition to the illegal kickbacks described above, Defendants have recklessly and maliciously failed to pay Plaintiff any wages at all, including minimum wage or overtime wages as required by 29 U.S.C. § 201 et seq.

27. By way of non-exhaustive example, for the workweek of February 7, 2016 through approximately February 13, 2016, Plaintiff worked approximately 60 hours and did not receive minimum wages for hours worked up to 40 in that workweek and did not receive overtime wages for the approximately 20 hours worked in excess of 40 hours during that workweek.

28. In 2014, a collective action was filed against Defendants for virtually identical violations of the FLSA that Plaintiff alleges in this Complaint. In 2015, this Court granted a Joint Motion for Settlement Approval for those plaintiffs' claims. *See Newell, et al. v. IDK, Inc., et al.*, Civil Action No. 1:14-cv-00219-TCB.

29. Despite the filing of virtually identical FLSA claims against Defendants in the *Newell* collective action, Defendants nonetheless continued their policy/practice of failing to pay Plaintiff any wages for her work as a Dancer during the relevant period in this action, i.e. from approximately December, 2014 through approximately May, 2016.

30. Defendants knew or should have known that Plaintiff was covered by the maximum hour and overtime payment requirements of the FLSA.

31. Defendants' failure to pay Plaintiff the minimum wages and overtime compensation required by the FLSA was willful.

32. Upon information and belief, Defendants have failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff for the time period required by law.

## **COUNT ONE**

## **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF 29 U.S.C. §206**

33. All previous paragraphs are incorporated as though fully set forth herein.

34. At all times relevant herein, Plaintiff was entitled to be paid $7.25 for each and every hour worked up to 40 for Defendants in any and all given workweeks.

35. At all times relevant herein, Plaintiff performed work for which the minimum wage should have been paid by Defendants, but has been paid no wages of any kind by Defendants in violation of the FLSA provisions requiring the payment of minimum wage.

36. Defendants regularly failed to pay Plaintiff the equivalent of $7.25 per hour free and clear for each hour worked for Defendants in any and all given workweeks.

37. Defendants' failure to compensate Plaintiff at the equivalent of $7.25 per hour for each hour worked for Defendants in any and all given workweeks is a violation of §§ 206 and 215 of the Fair Labor Standards Act of 1938, as amended.

38. Defendants' violation of §§ 206 and 215 of the Fair Labor Standards Act was willful within the meaning of 29 U.S.C. § 255(a). Said violation gives rise to a claim for relief under the FLSA for unpaid minimum wages for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, prejudgment interest, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT TWO

## VIOLATION OF THE OVERTIME PROVISIONS OF 29 U.S.C. §207

39. All previous paragraphs are incorporated as though fully set forth herein.

40. Plaintiff was an hourly, non-exempt employee under the FLSA throughout her work for Defendants during the relevant period.

41. Despite being aware that the FLSA applied to Plaintiff, Defendants violated the FLSA by not paying Plaintiff overtime compensation at the rate of one and one-half times her proper regular rate for all hours worked over 40 during the relevant period, in addition to liquidated damages and interest for overtime not paid in each paycheck for the applicable pay period.

42. As a result of Defendants' failure to compensate Plaintiff at a rate not less than one and one-half times the required regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

43. Defendants' violation of §§ 207 and 215 of the Fair Labor Standards Act was willful within the meaning of 29 U.S.C. § 255(a). Said violation gives rise to a claim for relief under the FLSA for unpaid overtime wages for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, prejudgment interest, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendants and in favor of Plaintiff, finding a violation of the FLSA and awarding the following relief:

1. Order Defendants to pay Plaintiff her unpaid back minimum wages at the required rate and back overtime pay at time-and-a-half her applicable rate for all hours worked over 40 in a workweek during the relevant period, and an equivalent amount as liquidated damages (or prejudgment interest if liquidated damages are not awarded in full);

2. Order Defendants to return to Plaintiff all kickbacks paid by Plaintiff to Defendants, and an equivalent amount as liquidated damages (or prejudgment interest if liquidated damages are not awarded in full);

2. Order Defendants to pay Plaintiff her costs and attorney's fees; and

3. Grant such further relief as the Court finds just and proper in this action.

PLAINTIFF DEMANDS A TRIAL BY A JURY OF TWELVE PERSONS.

Respectfully submitted this 25th day of May, 2017.

**Keegan Law Firm, LLC**

*/s/Jerilyn E. Gardner*
Marcus G. Keegan

Georgia Bar No. 410424
Jerilyn E. Gardner
Georgia Bar No. 139779
2987 Clairmont Road NE, Suite 225
Atlanta, Georgia 30329
(404) 842-0333 (Phone)
(404) 920-8540 (fax)
mkeegan@keeganfirm.com;
jgardner@keeganfirm.com
**Counsel for Plaintiff**